OPINION
This appeal stems from a criminal conviction in the Lake County Court of Common Pleas. Appellant, Jermel Moses, requests the reversal of certain sanctions imposed by the trial court as part of his sentence.
On April 20, 1998, appellant entered a written plea of guilty to one count of carrying a concealed weapon, a felony of the fourth degree, in violation of R.C. 2923.12. After accepting this plea, the trial court sentenced appellant to a definite term of twelve months, with credit for twenty-two days of time served.
As part of the sentencing judgment, the trial court informed appellant that bad time may be imposed by the parole board under R.C. 2967.11 for any "violation" he may commit while in prison. The court further informed appellant that he could be subject to three years of post-release control following his release from prison.
On May 20, 1998, appellant filed a timely notice of appeal with this court. Appellant contends in his sole assignment of error that the trial court erred in referring to the possible application of bad time sanctions under R.C. 2967.11. Specifically, he argues that bad time is unconstitutional for a number of reasons.
Our review of recent case law shows that appellant's arguments have already been fully considered. In State ex rel. Bray v. Russell,89 Ohio St.3d 132, 2000-Ohio-116, the Supreme Court of Ohio declared that R.C. 2967.11, the bad time statute, was unconstitutional on the basis that it violated the doctrine of separation of powers. See, also, Whitev. Konteh (Mar. 23, 1999), 11th Dist. No. 99-T-0020, 1999 Ohio App. LEXIS 1230; State v. Henton (July 28, 2000), 11th Dist. No. 97-L-232, 2000 Ohio App. LEXIS 3404. Therefore, the trial court's reference to bad time in the sentencing judgment was improper. To this extent, appellant's sole assignment of error has merit.
As part of his sole assignment, appellant also challenges the constitutionality of the procedure for the imposition of post-release control under R.C. 2967.28. Appellant asserts that this particular statutory scheme is unconstitutional for the following three reasons: (1) the scheme violates his right to due process of law; (2) the scheme violates his right to equal protection under the law; and (3) the imposition of a sanction under the scheme violates the prohibition against double jeopardy.
In State v. Swick, 11th Dist. No. 97-L-254, 2001-Ohio-8831, this court rejected each of the foregoing three arguments. In regard to the due process and equal protection arguments, we disposed of these arguments by citing the recent holding of the Supreme Court of Ohio in Woods v. Telb,89 Ohio St.3d 504, 2000-Ohio-171.
As to the double jeopardy argument, we noted that, as part of its discussion of R.C. 2967.28 in Woods, the Supreme Court had emphasized that the imposition of post-release control was considered to be part of the original sentence imposed upon a defendant immediately after his conviction. Based upon this, we held in Swick that if a defendant completes his prison term on the original offense and then commits a new act which constitutes both a new criminal offense and a violation of his post-release control, he can be subject to a new sentence on the new offense and a sanction for the violation. Under this analysis, the sanction for a post-release violation is not a second penalty for the new act because the sanction is a portion of the sentence imposed upon the defendant for the original offense.
In light of Swick, all three of appellant's challenges to the constitutionality of R.C. 2967.28 have no merit. To this extent, appellant's sole assignment of error is not well taken.
Pursuant to our holding as to the bad time issue, the judgment of the trial court is reversed in part, and the matter is remanded for further proceedings consistent with this opinion. Specifically, upon remand, the trial court shall vacate its prior sentencing judgment and issue a new judgment which does not contain any reference to the imposition of bad time. In all other respects, the judgment of the trial court is affirmed.
ROBERT A. NADER, J., concurs, WILLIAM M. O'NEILL, P.J., concurs in judgment only, with a Concurring Opinion.